IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PEDRO J. CASADO<br><br>Plaintiff<br><br>Vs.<br><br>FIRST TRANSIT OF PUERTO RICO, INC.; INSURANCE COMPANY "A"<br><br>Defendants | CIVIL NO.<br><br><br>PLAINTIFFS DEMAND<br>TRIAL BY JURY |

**COMPLAINT**

**TO THE HONORABLE COURT:**

COMES NOW, the plaintiff, through the undersigned attorney, and very respectfully allege, state and request:

**I. NATURE OF THE CASE**

1.  This is an action in torts, for damages, under Puerto Rico Civil Code, Article 1802, 31 L.P.R.A. Sec. 5141, et. seq.

**II. JURISDICTION AND VENUE**

2.  This Honorable Court has jurisdiction over the parties and the subject matter of this litigation pursuant to 28 U.S.C. Sec. 1332, inasmuch as there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy, exclusive of

costs and interests, exceeds seventy-five thousand dollars ($75,000.00).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391(a) since the claims alleged arose in this judicial district.

### III. JURY TRIAL DEMAND

4. The plaintiff requests a jury trial for all triable issues.

### IV. THE PARTIES

5. The plaintiff is Pedro J. Casado, of legal age, citizen of the United States of America and resident of and with domicile in San Juan, Puerto Rico.

6. The Defendants are First Transit of Puerto Rico, Inc. and Insurance Company "A".

7. First Transit of Puerto Rico, Inc. is a corporation incorporated and organized in the State of Delaware and has their principal place of business in the State of Ohio.

8. First Transit of Puerto Rico is the owner and/or operator of a mass transit business who operates the Metrobus bus routes in San Juan, Puerto Rico.

9. First Transit of Puerto Rico conducted, either by itself, or through its agents, business transactions

within Puerto Rico, and it also participated, either by itself or through its agents, within Puerto Rico in the commission of the tort object of this complaint.

10. Defendant Insurance Company "A" is a corporation organized, and which has its principal place of business in a State other that the Commonwealth of Puerto Rico, and which had issued an insurance policy on behalf of First Transit of Puerto Rico, which policy covers for its liability under a factual situation such as the one alleged in this complaint.

11. Defendant Insurance Company "A" is designated with a fictious name because its rue name is not known at this time.

### V. GENERAL ALLEGATIONS

12. On June 30, 2016, plaintiff Pedro J. Casado was waiting for a bus ride in one of the bus stops located at Ponce De León Avenue in Santurce, Puerto Rico. By the time of the accident Mr. Casado was 69 years old.

13. Once the bus arrived and Mr. Casado stepped in, while he was standing about to pay the fee, the driver stepped on the accelerator and the bus started abruptly causing Mr. Casado to lose his balance and falling on his right side impacting his right shoulder against the floor.

14. Mr. Pedro Casado's fall was caused by the sudden and abrupt move of the bus while he was still standing about to pay the ride fee.

15. Defendant First Transit of Puerto Rico's negligence and fault was the adequate cause of the aforementioned fall due to:

   A. The bus driver's failure to make the passengers aware that the bus was going to move;

   B. The bus driver's negligence to make a sudden movement of the bus knowing there was still an elder passenger who was standing next to him;

   C. The bus driver's lack of precaution and failure to take preventive measures to avoid the accident.

   D. Its corporate failure to have in place or enforce the implementation of safety procedures in benefit of the passengers.

16. Defendants Insurance Company "A" is directly jointly and severally liable to the Plaintiff for all the damages caused to her as a result of the above.

## VI. CAUSES OF ACTION

**1. First Cause of Action**

17. All the paragraphs stated herein above are literally incorporated herein and are made part of this paragraph.

18. Right after the accident, Mr. Pedro Casado was transported in ambulance to Hoare Emergency Room in San Juan where he received medical assistance.

19. As a direct consequence of the facts described above, plaintiff Pedro Casado sustained multiple body trauma, particularly a right shoulder rotator cuff tear and right shoulder biceps long head tear.

20. For this injuries, on January 27, 2017, Pedro J. Casado had a right rotator cuff surgery. Thereafter, he received prescription pain medication and around fifteen (15) physical therapy sessions. Because of the surgery, plaintiff remained with a 5cm scar.

21. As a direct result of the accident, Pedro J. Casado has suffered intense right shoulder pain, impairment and limitation of motion, all which have substantially limited his capacity to perform most of his life's activities and to be permanently partially disabled of his general physiological functions.

22. As a direct result of the accident, Pedro J. Casado has a 5% whole person impairment.

23. The Plaintiff Pedro J. Casado is entitled to receive full, just and fair compensation for these damages, in a money amount of no less than **two hundred thousand dollars ($200,000.00).**

### 2. Second Cause of Action

24. All the paragraphs stated herein above are literally incorporated herein and are made part of this paragraph.

25. As a direct result of the physical injuries and partial permanent disabilities stated above, the Plaintiff Pedro J. Casado has sustained the loss of his capacity to engage in most of his life activities and to enjoy life.

26. As a direct result of the above, the Plaintiff Pedro J. Casado has suffered, is suffering and will continue to suffer severe mental, psychological, moral and emotional pain, anguish and distress.

27. The Plaintiff Pedro J. Casado is entitled to receive full, just and fair compensation for the above stated damages, in a money amount of no less than **one hundred thousand dollars ($100,000.00).**

**WHEREFORE**, it is respectfully requested that Judgment be entered by this Honorable Court in favor of the Plaintiff and jointly and severally against the Defendants:

A. Granting the Plaintiff all the sums requested in complaint.

B.  Imposing upon the Defendants the payment of all costs and expenses to be incurred in this lawsuit.

C.  Granting the Plaintiff any other relief that they may be entitled to as a matter of law.

D.  And, in the event Defendats deny liability, awarding Plaintiff pre-judgment interests, plus a reasonable amount for attorney's fees.

RESPECTFULLY SUBMITTED in San Juan, Puerto Rico this 7th day of June, 2017.

s/   Juan M. Cancio Biaggi

JUAN M. CANCIO BIAGGI
USDC-PR #229811
Hato Rey Center
268 Ave. Ponce De León
Suite 1402
San Juan, P.R. 00918
Tel: (787)763-1211
Fax: (787)763-1215
Email: jm@canciobiaggi.com